<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PHILIP WOODYARD, : | |
| : | Civil Action No. 10-4506 (SRC) |
| Plaintiff, : | |
| : | **OPINION & ORDER** |
| v. : | |
| : | |
| COUNTY OF ESSEX, et al., : | |
| : | |
| Defendants. : | |
| : | |

<u>**CHESLER**</u>, District Judge

  This matter comes before the Court on the motion to remand filed by Plaintiff Philip Woodyard (docket entry no. 4). Defendants State of New Jersey, Office of the Attorney General, Essex County Prosecutor's Office, David Rubin, Guy Trogani, Richard Cunningham and Michael DeMaio (collectively, "State Defendants") have opposed the motion. The Court has considered the papers submitted by the parties and opts to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will deny Plaintiff's motion to remand this action.

  Defendants removed this action from state court pursuant to 28 U.S.C. § 1441, grounding the basis for removal in federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Plaintiff challenges the timeliness of the removal, claiming that Defendants did not remove within thirty days of service in compliance with 28 U.S.C. § 1446(b). (Pl.'s Br. at 17.) Defendants respond

that the last-served defendant has thirty days to remove, and further, that none of the State Defendants were properly served.  (Defs.' Br. at 14, 5.)

The Third Circuit has held that "the last-served defendant may remove within thirty (30) days of service, and other defendants may consent to the later-served Defendant's removal even if their own removal periods have expired."  *Di Loreto v. Costigan*, 351 F. App'x 747, 752 (3d Cir. 2009) quoting *Cmiech v. Electrolux Home Prods., Inc.*, 520 F. Supp. 2d 671, 676 (M.D. Pa. 2007).  Because none of the State Defendants were properly served in the instant action, the thirty day period has not even begun with regard to these defendants.  *See e.g., Pegasus Blue Star Fund, LLC v. Canton Prods., Inc.*, Civ. No. 08-1533 (HAA), 2009 WL 331413 (D.N.J. Feb. 10, 2009).

The Court finds that Defendants have met their burden of demonstrating that subject matter jurisdiction exists.  In addition, because the State Defendants were not properly served, the thirty day clock under section 1446 was not triggered and removal is timely.

For these reasons,

**IT IS** on this 19th day of November, 2010,

**ORDERED** that Plaintiff's motion for remand (docket entry no. 4) is **DENIED.**

                                     s/Stanley R. Chesler
                                     STANLEY R. CHESLER
                                     United States District Judge

DATED: November 19, 2010